The Bay Parkway National Bank of Brooklyn in New York, Appellant, v. Ishaia Shalom, Respondent.* — Action on a promissory note for the sum of $5,750, made by defendant to the order of himself, payable fifteen days after date, and indorsed by him to the plaintiff. The defenses were: (1) Lack of consideration; (2) that the note was given solely for the accommodation of the plaintiff, and (3) that it was made by defendant and delivered to plaintiff with the express agreement on plaintiff's part that defendant should not be liable therefor and would never be asked to pay the same. These defenses were submitted to the jury and were resolved in favor of the defendant. Judgment dismissing the complaint on the merits and for costs, and the order denying plaintiff's motion to set aside the verdict and for a new trial affirmed, with costs. In our opinion, the proofs amply support the findings of the jury that the renewal note in suit, the renewal notes that preceded it, and the initial note for $9,000 were all given to the plaintiff at its request and for its exclusive accommodation and without any consideration passing to the defendant, and with separate express agreements, made at the times said original note and the renewals thereof were made, that defendant would not be required to pay any of said notes and that he was thereby induced to sign the said original note and the renewals thereof, including the one in suit. The defendant made none of the payments that were made to the plaintiff at the times the several renewal notes were given, nor was he charged with or asked to pay any interest on the amounts of any of said notes. The testimony of the defendant and his witnesses, including the assistant cashier of the plaintiff, as to the details of the transactions with President Bond, Cashier Wilson and Director Nasser, and the circumstances in connection therewith, stands uncontradicted, save by the unpersuasive testimony of Bond. The entire scheme was at the request and for the accommodation and benefit of the plaintiff and Moussalli & Farbman, debtor of the plaintiff, in which firm the defendant had no financial interest, except as a creditor, and from which transactions the defendant reaped no benefit whatever.

* See, also, 240 App. Div. 908.

Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote for reversal and a new trial upon the ground that the defendant was estopped to raise the defense of no consideration and conditional delivery. (*County Trust Co.* v. *Mara*, 242 App. Div. 206; affd., 266 N. Y. 540.)